**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| CHARLTON BEASLEY,    )<br>    )<br>    Movant,    )<br>    )<br>v.    )<br>    )<br>UNITED STATES OF AMERICA,    )<br>    )<br>    Respondent.    )  | Cv. No. 2:19-cv-02212-SHL-atc<br>Cr. No. 2:15-cr-20083-01-SHL |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255, DENYING A
CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL
WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2244 for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 by a Person in Federal Custody ("§ 2244 Motion" and "Second § 2255 Motion") filed by Movant, Charlton Beasley, Bureau of Prisons register number 27341-076, an inmate at the Federal Correctional Institution in Edgefield, South Carolina (ECF No. 11-2); the Response of the United States in Opposition to Defendant's Motion Under 28 U.S.C. § 2255 ("Answer") (ECF No. 15); and Petitioner's Response to the United State's [sic] Response Opposing Motion Under 28 U.S.C. § 2255 ("Reply") (ECF No. 16). For the reasons stated below, the Court **DENIES** the Second § 2255 Motion.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

  A.  **Criminal Case No. 2:15-cr-20083-01 ("*Beasley I*")**

On March 26, 2015, a federal grand jury in the Western District of Tennessee returned an eight-count indictment against Beasley and two co-defendants, Korderrius Richmond and Daniel Warren. (*Beasley I*, ECF No. 1 (sealed).) Beasley was named in Counts 1 through 7. Count 1 charged Beasley and Richmond with conspiring to kidnap "D.K.C.," an employee of Big Daddy's Pawnshop in Memphis, Tennessee, for the purpose of facilitating robbery, in violation of 18 U.S.C. § 1201(c). Count 2 charged Beasley and Richmond, aided and abetted by each other, with kidnapping "D.K.C." for the purpose of facilitating robbery and transporting "D.K.C." in interstate commerce, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. Count 4 charged Beasley and Richmond, aided and abetted by each other, with robbing Big Daddy's Pawnshop, in violation of 18 U.S.C. § 1951. Counts 3 and 5 charged Beasley and Richmond, aided and abetted by each other, with using, carrying, and brandishing a firearm during and in relation to the kidnapping and robbery charged in Counts 2 and 4, respectively, in violation of 18 U.S.C. §§ 924(c) and 2. Count 6 charged Beasley and Richmond, aided and abetted by each other, with taking a motor vehicle from "D.K.C." by force, violence, and intimidation and with the intent to cause serious bodily injury, in violation of 18 U.S.C. § 2119. Count 7 charged Beasley and Richmond, aided and abetted by each other, with stealing a variety of firearms from a licensed firearms dealer, in violation of 18 U.S.C. § 922(u).

Pursuant to a written plea agreement, Beasley appeared before this judge on September 9, 2015, to plead guilty to Counts 2, 3, 4, and 7 of the indictment. (*Beasley I*, ECF Nos. 70, 72, 73.) The plea agreement contained a negotiated sentence of two hundred forty (240) months or twenty (20) years. (*Beasley I*, ECF No. 73 at PageID 100.) On December 11, 2015, the Court sentenced Beasley to the negotiated term of imprisonment, to be followed by a two-year period of supervised

release. (*Beasley I*, ECF No. 85.)¹ Judgment was entered on December 11, 2015. (*Beasley I*, ECF No. 88 (sealed).) Beasley did not take a direct appeal.

**B.     Beasley's First § 2255 Motion, Civil Case No. 2:16-cv-2478 ("*Beasley II*")**

On June 20, 2016, Beasley filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, in which he argued that he was entitled to a reduction in his sentence in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). (*Beasley II*, ECF No. 1.) In an order issued on August 1, 2018, the Court denied the § 2255 Motion and denied a certificate of appealability. (*Beasley II*, ECF No. 7.) Judgment was entered on August 1, 2018. (*Beasley II*, ECF No. 8.) Beasley did not appeal.

**C.     Beasley's Second § 2255 Motion, Civil Case No. 2:19-cv-2212 ("*Beasley III*")**

On January 27, 2020, Beasley filed a § 2244 Motion with the Sixth Circuit Court of Appeals, in which he argued that his conviction on Count 3 for violating 18 U.S.C. § 924(c) is invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Beasley III*, ECF No. 11-2.) On June 26, 2020, the Court of Appeals granted Beasley leave to file a second § 2255 Motion that presents a *Davis* claim and transferred the matter to this district. (*Beasley III*, ECF No. 12.) On July 2, 2020, the Court ordered the Government to respond. (*Beasley III*, ECF No. 13.) The Government filed its Answer on July 24, 2020. (*Beasley III*, ECF No. 15.) Beasley filed his Reply on August 10, 2020. (*Beasley III*, ECF No. 16.) Since that time, Beasley has filed several documents that either cite additional cases or reiterate his claim for relief. (*Beasley III*, ECF Nos. 19, 20, 21, 23.)²

---

¹ The Court sentenced Beasley to concurrent terms of 156 months on Counts 2 and 4 and 120 months on Count 7, and to a consecutive term of 84 months on Count 3. (*Id.*)

² The Court will exercise its discretion to consider these filings.

3

## II. THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks and citation omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III. ANALYSIS

Beasley contends that his conviction on Count 3 must be vacated because the kidnapping that was charged in Count 2 is no longer a "crime of violence." Beasley pled guilty to aiding and abetting, a violation of 18 U.S.C. § 924(c), which provides, in pertinent part, that,

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, . . . shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> . . . .
>
> (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A)(ii). A "crime of violence" is

> an offense that is a felony and—

4

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). In *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019), the Supreme Court held that the residual clause of § 924(c)(3)(B), which defines "crime of violence," is unconstitutionally vague.

### A. Beasley is Actually Innocent of Count 3

In his Second § 2255 Motion, Beasley argues that he is actually innocent of his conviction on Count 3 in light of the Supreme Court's decision in *Davis*. In granting Beasley leave to file a second or successive § 2255 Motion, the Sixth Circuit stated that Beasley's "proposed claim warrants fuller exploration in the district court," and that he "has made a prima facie showing that his application satisfies § 2255(h)." (*Beasley III*, ECF No. 12 at PageID 40) (citing *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020); *Knight v. United States*, 936 F.3d 495, 498 (6th Cir. 2019)), Section 2255(h) authorizes the Court of Appeals to grant leave to file a second or successive § 2255 motion that contains "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

In its Answer, the Government does not address whether kidnapping is a crime of violence. Although there has been no authoritative ruling on the subject, the Government has frequently conceded that kidnapping under § 1201(a) is no longer a "crime of violence" in light of *Davis*. *See, e.g., Knight*, 936 F.3d at 498 ("The government concedes that Knight's kidnapping conviction under 18 U.S.C. § 1201(a) is not a crime of violence."); *Dais v. United States*, Case Nos. 1:20-cv-158, 1:09-cr-187, 2020 WL 5209854, at *2 (E.D. Tenn. Sept. 1, 2020); *Espinoza v. United States*, Criminal Case No. 10-20635, Civil Case Number 16-12255/16-13848, 2020 WL 1915642, at *6

(E.D. Mich. Apr. 20, 2020); *see also United States v. Walker*, 934 F.3d 375, 375 (4th Cir. 2019) ("As the Government concedes, the requirement that a defendant unlawfully seize, confine, inveigle, kidnap, abduct, or carry away a person can be accomplished without the use of force—through inveiglement."); *United States v. Brazier*, 933 F.3d 796, 800-01 (7th Cir. 2019) ("In short, kidnapping may be accomplished without force, by 'inveigling' or 'decoying' a person without threat of force, and by holding the person simply by locking him or her in a room, again without threat of violence."). In a later decision granting one of Beasley's co-defendants leave to file a second § 2255 motion, the Sixth Circuit stated that, "in light of *Davis*, § 1201 kidnapping is no longer a crime of violence." *In re Richmond*, No. 19-6145, slip op. at 2 (6th Cir. Apr. 15, 2020). Therefore, Beasley is actually innocent of his conviction on Count 3.

### B.   Beasley is Not Entitled to Relief

Although Beasley is actually innocent of Count 3, he is not entitled to relief because he has not demonstrated that he is actually innocent of Count 5, the § 924(c) charge that the Government agreed to dismiss as part of the plea agreement.

"In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Other courts have held that *Bousley* encompasses charges that are equally as serious as the charge to which the movant pled guilty. *Lewis v. Peterson*, 329 F.3d 934, 937 (7th Cir. 2003); *see also United States v. Caso*, 723 F.3d 215, 221-22 (D.C. Cir. 2013) (noting, in dicta, that the *Bousley* Court's analysis supports inclusion of "equally serious" charges). "*Bousley* requires such a showing to address the unfairness of allowing a petitioner to raise a procedurally defaulted challenge to a sentence he bargained for, while escaping

6

punishment for dismissed counts that he actually committed." *Peveler v. United States*, 269 F.3d 693, 701 (6th Cir. 2001).[3]

Here, the parties entered into a plea agreement in which Beasley pled guilty to Counts 2, 3, 4, and 7 in exchange for the Government's agreement to drop Counts 1, 5, and 6. The Government argues that Count 5, a § 924(c) count based on Hobbs Act robbery, is more serious than Count 3 because when Beasley pled guilty, Count 5 would have been a second conviction carrying a mandatory minimum sentence of twenty-five (25) years. (*Beasley III*, ECF No. 15 at PageID 71-72.)  This analysis necessarily assumes that Beasley also would have been convicted of Count 3.  The Government has not cited any case applying this reasoning, but it is unnecessary to do so here.  Count 5, like Count 3, is a § 924(c) charge that involved brandishing a firearm, which carries a mandatory minimum sentence of seven years and a maximum sentence of life. Regardless of whether the penalty for Count 5 is more serious than that for Count 3, it is at least equally serious.  Hobbs Act robbery is categorically a "crime of violence" after *Davis*, as is aiding and abetting Hobbs Act robbery.  *United States v. Richardson*, 948 F.3d 733, 741-42 (6th Cir. 2020) (holding aiding and abetting Hobbs Act robbery qualifies as a crime of violence); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (holding Hobbs Act robbery constitutes a crime of violence).  The Supreme Court's decision in *Davis* does not undermine the validity of *Gooch*. *United States v. Holmes*, 797 F. App'x 912, 917-18 (6th Cir. 2019).

Beasley has not argued that he is actually innocent of Count 5.  The presentence report ("PSR") states that, after arriving at the pawn shop, Beasley forced two employees at gunpoint to

---

[3] In his Reply, Beasley urges the Court not to consider the dismissed counts because the Government did not cite any Sixth Circuit cases that reinstated dismissed counts. (*Beasley III*, ECF No. 16 at PageID 79.)  However, *Bousley* says that consideration of those counts is appropriate.  The Sixth Circuit has applied this standard in *Peveler*, *Vanwinkle v. United States*, 645 F.3d 365, 370-72 (6th Cir. 2011), and in the other cases cited at p. 4 of the Answer.

open the front door and deactivate the alarm system.  Beasley then ordered the employees to load property into a box and remove it from the pawn shop.  (PSR ¶ 5.)  Beasley gave a statement to the police in which he admitted that he obtained a Cobra .380 caliber handgun to use in the kidnapping and robbery.  (*Id.* ¶ 10.)  Beasley raised no objection to these factual statements.  (*Beasley I*, ECF No. 83 at PageID 117.)

In Count 4, Beasley pled guilty to aiding and abetting the Hobbs Act robbery of Big Daddy's Pawn Shop.  Count 5 charged Beasley with aiding and abetting the brandishing of a firearm during that robbery.  The PSR stated, without objection, that Beasley robbed the pawn shop "at gunpoint," which necessarily means that Beasley was armed and that he brandished his firearm.  Beasley is not actually innocent of Count 5.

Because Beasley has not established that he is actually innocent of Count 5, an equally serious charge dismissed as part of his plea agreement, he is not entitled to relief under 28 U.S.C. § 2255 notwithstanding his actual innocence of Count 3 in light of *Davis*.  Because the claim asserted is without merit, the Court **DENIES** the Second § 2255 Motion.  The Second § 2255 Motion is **DISMISSED WITH PREJUDICE**.  Judgment shall be entered for the United States.

IV.     **APPEAL ISSUES**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect."  *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).  "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*."  *Id.*

In this case, there can be no question that the issue raised in Movant's Second § 2255 Motion is meritless; therefore the Court **DENIES** a COA.

The Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.  *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  *Id.* at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must

9

file a motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[4]

**IT IS SO ORDERED**, this 13th day of September, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of entry of this Order. *See* Fed. R. App. P. 24(a)(5).