IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLTON BEASLEY, ) | |
| ) | |
| Movant, ) | |
| ) | Cv. No. 2:19-cv-02212-SHL-atc |
| v. ) | Cr. No. 2:15-cr-20083-01-SHL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PENDING MOTIONS**

Before the Court are the Motion to Supplement Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion to Supplement") (ECF No. 29), the Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion") (ECF No. 30), the Motion to Supplement Motion to Alter or Amend Judgement Pursuant to Fed. R. Civ. P. 59(e) ("Motion to Supplement Rule 59(e) Motion") (ECF No. 31), and the Motion to Supplement Motion 2255 and Notice of Withdrawal of Plea ("Motion to Supplement Second § 2255 Motion") (ECF No. 33), filed by Movant, Charlton Beasley. For the reasons stated below, the Court **DENIES** the pending motions.

**I.      PROCEDURAL HISTORY**

On January 27, 2020, Beasley filed a *pro se* Motion ("Second § 2255 Motion") with the Sixth Circuit Court of Appeals, in which he argued that his conviction for violating 18 U.S.C. § 924(c) based on a predicate offense of kidnapping ("Count 3") is invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF No. 11-2.) On June 26, 2020, the Court of Appeals granted Beasley leave to file that second § 2255 Motion and transferred the matter to this district. (ECF No. 12.) On September 13, 2023, the Court denied the Second § 2255 Motion and denied a

certificate of appealability. (ECF No. 25.) The Court reasoned that, although Beasley is actually innocent of Count 3, he is not entitled to relief because he has not demonstrated that he is actually innocent of Count 5, another § 924(c) charge that the Government agreed to dismiss as part of the plea agreement. (*Id.* at PageID 116.) Judgment was entered on September 14, 2023. (ECF No. 26.) On October 2, 2023, Beasley filed a notice of appeal. (ECF No. 27.) The case was docketed in the Sixth Circuit Court of Appeals as Case Number 23-5874. (ECF No. 28.)

On October 10, 2023, Beasley filed his Motion to Supplement (ECF No. 29), on October 16, 2023, he filed his Rule 59(e) Motion (ECF No. 30), on October 20, 2023, he filed his Motion to Supplement Rule 59(e) Motion (ECF No. 31), and on January 2, 2024, Beasley filed his Motion to Supplement Second § 2255 Motion (ECF No. 33).

II.   ANALYSIS

   A.   **Motion to Supplement (ECF No. 29)**

Beasley seeks to supplement a motion he filed in his criminal case (No. 2:15-cr-20083-01-SHL, ECF No. 129), pursuant to 18 U.S.C. § 3582(c) to argue that he is entitled to a sentence reduction because he is actually innocent of Count 3. In other words, having failed under 28 U.S.C. § 2255, Beasley seeks the same relief for the same reason under 18 U.S.C. § 3582(c).

However, compassionate relief motions are not cognizable under 28 U.S.C. § 2255. To obtain relief, Beasley must show that "extraordinary and compelling reasons warrant such a reduction" in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). "[H]abeas is the appropriate place to bring challenges to the lawfulness of a sentence. . . . [W]e do not read 'extraordinary and compelling' to provide an end run around habeas." *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 2506 (2023). "[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack

on the merits of the case and should be construed as a § 2255 motion." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). As stated in the previous order, *Davis* is a retroactive change in the law that might have entitled Beasley to a sentence reduction had he demonstrated that he is actually innocent of the equally serious § 924(c) count that was dismissed as part of the plea agreement. (ECF No. 25 at PageID 116.) Beasley cannot use § 3582(c) to circumvent this limitation on § 2255 relief.

Therefore, the Motion to Supplement is **DENIED**.[1]

### B.      Rule 59(e) Motion (ECF No. 30)

Beasley also seeks reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes motions to alter or amend a judgment. "To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks omitted). "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations and internal quotation marks omitted); *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."). Beasley's Rule 59(e) Motion does not satisfy that standard.

---

[1] A similar motion was docketed at ECF No. 131 in the criminal case. This Order addresses that Motion as well.

Beasley argues that it is unfair to hold him responsible for dismissed charges because the statute of limitations has expired. (ECF No. 30 at PageID 129–32.) However, Beasley failed to make this argument before the entry of judgment and it is now too late to do so. (*See* ECF No. 25 at PageID 115) ("Beasley has not argued that he is actually innocent of Count 5.").

Even assuming that Beasley raises a clear error of law, he is mistaken. As discussed in the previous order, both the Supreme Court and the Sixth Circuit have held that a prisoner is entitled to relief only if he is actually innocent of more serious, or equally serious, dismissed charges. (*Id.* at PageID 114–15.) Beasley does not address those decisions. The cases on which Beasley relies, *United States v. Gaither*, 926 F. Supp. 50 (M.D. Penn. 1996), and *United States v. McCarthy*, 445 F.2d 587, 591–92 (7th Cir. 1971), predate the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998). Even if they were still good law, these decisions are not binding on this Court because they arise outside of the Sixth Circuit.

As a result, the Rule 59(e) Motion is **DENIED**.

### C. The Motion to Supplement Rule 59(e) Motion (ECF No. 31)

In his Motion to Supplement Rule 59(e) Motion, Beasley argues that, if the Government were to reinstate Count 5, the dismissed § 924(c) count, it would also need to reinstate Count 4, which charged him with aiding and abetting Hobbs Act robbery. If so, he claims, his guideline sentencing range would have been lower.

Beasley is mistaken. First, he failed to make the argument prior to the entry of judgment, and it is too late to do so now.

Second, it is not the case that a conviction on Count 5 would require a conviction on Count 4. A predicate offense under 18 U.S.C. § 924(c)(1)(A) requires that the firearm be used or carried in furtherance of another offense for which the defendant "**may be prosecuted** in a Court of the

4

United States" (emphasis added). "Charging the underlying predicate offense is not required for liability under § 924(c); it is enough if the defendant may be prosecuted in a court of the United States for the predicate offense." *United States v. Woods*, 14 F.4th 544, 554 (6th Cir. 2021); *see also United States v. Smith*, 182 F.3d 453, 457 (6th Cir. 1999) (§ 924(c) "requires only that the defendant have committed a violent crime *for which he may be prosecuted* in federal court. It does not even require that the crime be charged; *a fortiori*, it does not require that he be convicted.").

Thus, the Motion to Supplement Rule 59(e) Motion is **DENIED**.

### D. The Motion to Supplement Second § 2255 Motion (ECF No. 33)

The Motion to Supplement Second § 2255 Motion purports to amend Beasley's Second § 2255 Motion to argue that the change in the law that rendered him innocent of Count 3 rendered the plea agreement impracticable and, therefore, unenforceable. Beasley seeks, in effect, to retroactively cure his failure to address the dismissed § 924(c) count prior to the entry of judgment.

Under Rule 15(a)(2), a court should freely grant leave to amend "when justice so requires." However, this case is closed. "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010); *see also In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) ("Plaintiffs wholly fail to appreciate that because the district court dismissed this action, the court must first reopen their case in order to grant leave to conduct discovery or permit them to submit an amended complaint."). "A claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar*, LLC, 616 F.3d at 617.

Beasley attempts to avoid this problem by purportedly signing his motion August 28, 2023, almost a month before the entry of judgment. (ECF No. 33 at PageID 151.) This is belied by the attached declaration, dated September 26, 2023, which states that Beasley placed his motion in the mail on August 28, 2023. (*Id.* at PageID 152.) In other words, Beasley supposedly signed the declaration almost one month after he says he mailed the motion and **after** the entry of judgment. The same date—September 26, 2023—is also found on the certificate of service. (*Id.* at PageID 153.) Moreover, the mailing envelope reflects that the document was received in the prison mailroom on December 28, 2023, four days before it was received by the Clerk. (33-1 at PageID 154.) Beasley's attempt to rewrite history is to no avail.

Because he is seeking to amend his complaint after the case has been closed, Beasley must provide a compelling reason for the Court to grant his motion. *Leisure Caviar*, LLC, 616 F.3d at 617. However, Beasley has failed to do so. His new argument does not alter the fact that the Supreme Court's decision in *Davis* does not invalidate his guilty plea for the reasons stated in the September 13, 2023 Order. (ECF No. 25 at PageID 114–15.)

Accordingly, the Motion to Supplement Second § 2255 Motion is **DENIED**.

**IT IS SO ORDERED**, this 5th day of January, 2024.

                                                   s/ Sheryl H. Lipman
                                                   SHERYL H. LIPMAN
                                                   CHIEF UNITED STATES DISTRICT JUDGE