IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLTON BEASLEY, ) | |
| ) | |
| Movant, ) | |
| ) | Cv. No. 2:19-cv-02212-SHL-atc |
| v. ) | Cr. No. 2:15-cr-20083-SHL-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING BEASLEY'S <u>PRO SE</u> MOTION TO REOPEN ORIGINAL § 2255 PURSUANT TO RULE 60(b)(1), (4), AND (6) (ECF No. 39) AND DENYING BEASLEY'S <u>PRO SE</u> MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE TO THE SIXTH CIRCUIT COURT OF APPEALS (ECF No. 51)**

Before the Court is Movant Charlton Beasley's <u>pro se</u> Motion to Reopen Original § 2255 Pursuant to Rule 60(b)(1), (4), and (6), filed April 19, 2024, (No. 2:19-cv-02212, ECF No. 39), and his <u>pro se</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed December 30, 2024 (No. 2:19-cv-02212, ECF No. 51). For the reasons discussed below, both Motions are **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY**

On March 26, 2015, a federal grand jury in the Western District of Tennessee returned an eight-count indictment against Beasley and two co-defendants, Korderrius Richmond and Daniel Warren. (No. 2:15-cr-20083 ("CR"), ECF No. 2.) The charges all related to the kidnapping of Big Daddy's Pawnshop's employee, "D.K.C." and robbery of Big Daddy's Pawnshop. Beasley was charged in Counts 1 through 7. Count 1 charged Beasley and Richmond with conspiring to kidnap "D.K.C.," for the purpose of facilitating robbery, in violation of 18 U.S.C. § 1201(c). Count 2 charged Beasley and Richmond, aided and abetted by each other, with kidnapping

"D.K.C." for the purpose of facilitating robbery and transporting "D.K.C." in interstate commerce, in violation of 18 U.S.C. §§ 1201(a)(1) and (2).  Count 4 charged both Beasley and Richmond, aided and abetted by each other, with robbing Big Daddy's Pawnshop, in violation of 18 U.S.C. § 1951.  Counts 3 and 5 charged both Beasley and Richmond, aided and abetted by each other, with using, carrying, and brandishing a firearm during and in relation to the kidnapping and robbery charged in Counts 2 and 4, respectively, in violation of 18 U.S.C. §§ 924(c) and (2).  Count 6 charged both Beasley and Richmond, aided and abetted by each other, with taking a motor vehicle from "D.K.C." by force, violence, and intimidation and with the intent to cause serious bodily injury, in violation of 18 U.S.C. § 2119.  Count 7 charged both Beasley and Richmond, aided and abetted by each other, with stealing a variety of firearms from a licensed firearms dealer, in violation of 18 U.S.C. § 922(u).

On September 9, 2015, Beasley pled guilty to Counts 2, 3, 4, and 7 of the indictment. (CR, ECF Nos. 70, 72–73.)  The plea agreement included an agreed sentence of 240 months or 20 years under Rule 11(c)(1)(C).  (CR, ECF No. 73 at ¶ 3.)  On December 11, 2015, the Court sentenced Beasley to the agreed-upon term of imprisonment, to be followed by a two-year period of supervised release, and entered judgment the same day.  (CR, ECF Nos. 85, 89.)[1]  Judgment was entered on December 11, 2015.  (CR, ECF No. 89.)

On June 20, 2016, Beasley filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, in which he argued that he was entitled to a reduction in his sentence in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (No. 2:16-cv-02478 ("First § 2255 Motion"), ECF No. 1.)

---

[1] The Court sentenced Beasley to concurrent terms of 156 months on Counts 2 and 4 and 120 months on Count 7, and to a consecutive term of 84 months on Count 3.  (CR, ECF No. 85.)

On August 1, 2018, the Court denied the First § 2255 Motion and denied a certificate of appealability. (First § 2255 Motion, ECF No. 7.) The Court entered Judgment the same day. (First § 2255 Motion, ECF No. 8.)

Just before the § 2255 was dismissed, Beasley filed a pro se Petition for a Writ of Habeas Corpus on July 30, 2018. (No. 2:18-cv-02520 ("§ 2241 Petition"), ECF No. 1.) He amended that Petition on September 4, 2018 (§ 2241 Petition, ECF No. 5), raising the following issues:

1. "Did the court err in limiting my right to liberty under the presumption of jurisdiction?" (Id. at PageID 11; see also id. at PageID 12 ("Neither slavery nor involuntary servitude . . . shall exist in the United States, or any place subject to their jurisdiction."));

2. "Did the court err in showing prejudice under the presumption of [in]voluntary servitude?" (Id. at PageID 12); and

3. "[I] challenge the jurisdiction of the court" under the Due Process Clause of the Fifth Amendment. (Id.)

Based on his arguments on these issues, Beasley sought to have his sentence "vacated and remanded." (Id. at PageID 13.)

On March 5, 2019, the Court denied the Amended § 2241 Petition because Beasley did not demonstrate that the § 2255 remedy was "inadequate or ineffective," and the issues he presented were substantively meritless. (§ 2241 Petition, ECF No. 8 at PageID 32–34.) The Court entered Judgment the same day. (§ 2241 Petition, ECF No. 9.)

Next, on April 3, 2019, Beasley filed a Second § 2255 Motion (No. 2:19-cv-02212 ("Second § 2255 Motion"), ECF No. 3), which was transferred to the Sixth Circuit because Beasley had not obtained leave from the Court of Appeals to file his Motion (Second § 2255 Motion, ECF No. 5). Ultimately, the Sixth Circuit granted Beasley's motion for authorization to file his Motion, and the case was transferred back to the District Court for additional proceedings. (Second § 2255 Motion, ECF No. 12.) On September 13, 2023, the Second § 2255

3

Motion was denied because, while Beasley was innocent of his Count 3 conviction in light of the Supreme Court decision United States v. Davis, 139 S. Ct. 2319 (2019) (Second § 2255 Motion, ECF No. 25 at PageID 113–14), he was not entitled to relief because he had not demonstrated that he was actually innocent of Count 5, the § 924(c) charge that the Government agreed to dismiss as part of the plea agreement (id. at PageID 114–16).  Beasley's case was then dismissed, and the Court entered Judgment on September 14, 2023.  (Second § 2255 Motion, ECF No. 26.)[2]

      Beasley then filed a flurry of motions in the second, closed § 2255 matter, including  (1) Motion to Supplement Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Second § 2255 Motion, ECF No. 29), (2) Motion to Alter or Amend Judg[]ment Pursuant to Fed. R. Civ. P. 59(e) (Second § 2255 Motion, ECF No. 30), (3) Motion to Supplement Motion to Alter or Amend Judg[]ment Pursuant to Fed. R. Civ. P. 59(e) (Second § 2255 Motion, ECF No. 31), and (4) Motion to Supplement Motion 2255 and Notice of Withdraw[al] of Plea (Second § 2255 Motion, ECF No. 33).  The Court denied all on January 5, 2024.  (Second § 2255 Motion, ECF No. 34.)[3]  Beasley appealed to the Sixth Circuit (Second § 2255 Motion, ECF No. 42), which denied his request for relief (Second § 2255 Motion, ECF Nos. 44–45).

---

[2] Beasley appealed to the Sixth Circuit (Second § 2255 Motion, ECF No. 28, 35, 37), which denied his request for relief (Second § 2255 Motion, ECF Nos. 40–41).  He petitioned for a rehearing of the order denying his motion for a certificate of appealability, which the Sixth Circuit denied.  (Second § 2255 Motion, ECF No. 47.)  Beasley filed a Petition for a Writ of Certiorari before the Supreme Court to, once again, challenge the Sixth Circuit's decision on October 28, 2024.  (Second § 2255 Motion, ECF No. 48.)  The Supreme Court subsequently denied Beasley's request.  (Second § 2255 Motion, ECF No. 50.)

[3] First, the Motion to Supplement was denied because Beasley could not use § 3582(c) to circumvent his limitation on § 2255 relief.  (Second § 2255 Motion, ECF No. 34 at PageID 156–57.)  Second, the Rule 59(e) Motion was denied because he failed to raise "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice" in accordance with the Rule, and his argument was untimely.  (Id. at PageID 157–58 (quoting Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009)).)

4

Now, Beasley argues that the Original § 2255 should be reopened under Federal Rules of Civil Procedure Rules 60(b)(1), (4), and (6).  (Second § 2255 Motion, ECF No. 39.)  In his Motion, Beasley asserts that (1) Count 3's 924(c) conviction is invalid and unconstitutional; (2) he is innocent of Count 5's 924(c) conviction; (3) a "hypothetical reinstatement of dismissed counts" would have implications on his base offense level; (4) the plea agreement is no longer enforceable; and (5) there are Thirteenth Amendment violations for "subjecting him to slavery and involuntary servitude."  (Id. at PageID 187–191, 193–94.)

Additionally, Beasley filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Second § 2255 Motion, ECF No. 51.)  In his latest filing, for the first time, Beasley argues that he received ineffective assistance of counsel.  (See Second § 2255 Motion, ECF No. 51 at PageID 259–62.)  Despite the fact that this is a successive Motion, Beasley did not receive permission from the Sixth Circuit Court of Appeals before filing his new Motion.

Both Motions are discussed below.

## ANALYSIS

I.     **Motion to Reopen Original § 2255 (Second § 2255 Motion, ECF No. 39)**

Under Federal Rule of Civil Procedure 60(b), individuals, including habeas petitioners, may seek relief from a final judgment and request that a case be reopened for multiple reasons.  Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Beasley relies on specific sections of that rule, including (1) Rule 60(b)(1), which permits relief because of "mistake, inadvertence, surprise, or excusable neglect," (2) Rule 60(b)(4), which allows relief if "the judgment is void," and (3) Rule

---

Third, the Motion to Supplement Rule 59(e) Motion was denied because he was incorrect about the need to reinstate Count 4, if the Government were to reinstate Count 5, and his argument was untimely.  (Id. at PageID 158–59.)  Fourth, the Motion to Supplement Second § 2255 Motion was denied because Beasley failed to provide a compelling reason for the Court to allow him to amend his complaint after the case was closed.  (Id. at PageID 159–60.)

5

60(b)(6), which covers "any other reason that justifies relief" and is not encompassed by the other Rule 60(b) provisions. The bar for succeeding on a Rule 60(b) motion is high. See Bell v. United States, No. 19-5991, 2020 U.S. APP. LEXIS 30287, at *5 (6th Cir. Sept. 22, 2020) (quoting Gonzalez, 545 U.S. at 535). Beasley has not met the bar here.

First, a Rule 60(b) motion cannot serve as a substitute for or a supplement to an appeal. Houston v. Foley, No. 21-3456, 2022 WL 1563148, at *2 (6th Cir. Feb. 1, 2022) (quoting GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 373 (6th Cir. 2007)). Generally, "arguments that were, or should have been, presented on appeal are generally unreviewable" in these kinds of motions. Id. (quoting GenCorp, 477 F.3d at 373).

Because Beasley raised or could have raised his Rule 60(b) arguments on direct appeal, they are not reviewable in the context of this motion. See Royster v. Warden, Chillicothe Corr. Inst., No. 18-3362, 2018 WL 8138770, at *2 (6th Cir. Aug. 23, 2018) (citing GenCorp, 477 F.3d at 373). He has sought to challenge the judgment in his case time and time again. The Court already ruled that, although Beasley is innocent of Count 3 because of a change in case law, he is not entitled to relief because he did not demonstrate innocence as to Count 5, which was the § 924(c) charge that the Government agreed to dismiss as part of the plea agreement. (Second § 2255 Motion, ECF No. 25 at PageID 114–16.) Beasley then sought relief under Count 5, but the Court denied his request because he failed to timely raise the issue, he has not established actual innocence under Count 5, and he referenced decisions inconsistent with Supreme Court and Sixth Circuit precedent. (Second § 2255 Motion, ECF No. 34 at PageID 158–59.) And, even so, Beasley's arguments, such as his concerns about the statute of limitations (Second § 2255 Motion, ECF No. 39 at PageID 189–90), could have been raised on direct appeal.

6

Even if his Motion was appropriate, Beasley would not be entitled to relief under the specific Rule 60(b) provisions he relies on.  First, "reasonable jurists [would agree] that [Beasley's] Rule 60(b)(1) motion failed to establish a basis for relief."  Johnson v. Collins, No. 19-3616, 2019 WL 7187355, at *2 (6th Cir. Dec. 18, 2019).  Although Beasley uses Davis and additional case law to argue that his conviction under Count 3—for carrying and brandishing a firearm during and in relation to kidnapping and robbery—is now invalid and unconstitutional, (Second § 2255 Motion, ECF No. 39 at PageID 187–88), his new filing does not change the Court's previously-determined outcome that "Beasley has not established that he is actually innocent of Count 5, an equally serious charge dismissed as part of his plea agreement" and therefore is not entitled to relief.  (Second § 2255 Motion, ECF No. 25 at PageID 116.)  Here, Count 5 is a § 924(c) count based on Hobbs Act robbery.  (Id. at PageID 115.)  The Supreme Court's ruling in Davis does not undermine the Sixth Circuit's determination that a Hobbs Act robbery, like Count 5, constitutes a crime of violence.  (Id. (citing United States v. Richardson, 948 F.3d 733, 741–42 (6th Cir. 2020); United States v. Holmes, 797 F. App'x 912, 917–18 (6th Cir. 2019)).)  Because Beasley would have to have established his actual innocence as to Count 5, and he has not done so, this argument fails as a matter of substance in addition to its procedural failings.

Beasley's request for relief under Rule 60(b)(4) is also baseless.  He argues that his 240-month sentence is "void" under Rule 60(b)(4) because the Court violated his due process rights when "the facts clearly establish Beasley's innocence," specifically related to Count 3.  (Second § 2255 Motion, ECF No. 39 at PageID 187–88, 192.)  But that misapplies Rule 60(b)(4), which is applicable "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the

7

opportunity to be heard." Alford v. Mohr, No. 22-4082, 2023 WL 9062348, at *2 (6th Cir. Aug. 14, 2023) (quoting United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010)). The Court previously evaluated his concerns about Count 3 and Count 5 based on his previous filings. (See Second § 2255 Motion, ECF No. 25.) Beasley has not been denied an opportunity to seek relief or to be heard.

Additionally, Beasley's argument under Rule 60(b)(6) is that "there is no clearer way for [him] to show that vacating Count 3 is the best and only prescribed option as applied to him and his specific situation." (Second § 2255 Motion, ECF No. 39 at PageID 195.) However, to bring a challenge under Rule 60(b)(6), the petition must "demonstrate 'extraordinary circumstances' justifying the reopening of a final judgment." Bell v. United States, No. 19-5991, 2020 U.S. APP. LEXIS 30287, at *5 (6th Cir. Sept. 22, 2020) (quoting Gonzalez, 545 U.S. at 535). In the context of habeas claims, sufficiently "exceptional or extraordinary" conditions are few and far between. Peoples v. Nagy, No. 23-1281, 2023 WL 10553908, at *2 (6th Cir. Oct. 25, 2023) (quoting Miller v. Mays, 879 F.3d 691, 698 (6th Cir. 2018)) (internal quotation marks omitted). As discussed, Beasley thinks that the changes regarding Count 3 lead to this relief. But changes in "decisional law" do not warrant Rule 60(b)(6) relief or "constitute an extraordinary circumstance" on their own. Abdur'Rahman v. Carpenter, 805 F.3d 710, 714 (6th Cir. 2015) (quoting Henness v. Bagley, 766 F.3d 550, 557 (6th Cir. 2014)) (internal quotation marks omitted). As repeatedly explained, he is not entitled to relief under Count 5. Beasley has failed to argue that his situation is sufficiently exceptional, and thus he has not met this high bar.

Lastly, Beasley's Thirteenth Amendment arguments are also not persuasive. Under Section 1 of the Thirteenth Amendment, "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the

United States, or any place subject to their jurisdiction." In the Motion to Reopen Original §

2255, Beasley argues that the Government "is subjecting him to slavery and involuntary

servitude" by telling him "that he is innocent of a crime, and yet continu[ing] to impose upon

him the punishment of that crime." (Second § 2255 Motion, ECF No. 39 at PageID 194.)

However, in so arguing, he is ignoring the numerous times the Court has pointed out that he

would need relief from Count 5 to receive the benefit of the change in law as to Count 3.

**II.     Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence
         (Second § 2255 Motion, ECF No. 51)**

Next, Beasley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence is, essentially, a successive § 2255 Motion with new arguments about ineffective

assistance of counsel. (See supra.) He raises a new issue that does not relate back to his prior

filings, under Section 2255 or otherwise. (See supra.) Because this issue is new and cannot be

viewed as part of his previous filing, it must be considered as a successive petition, yet he has not

received the Sixth Circuit's permission for this filing. (See supra.)

The Court lacks the authority to decide a successive § 2255 Motion because the Sixth

Circuit Court of Appeals has not approved its filing. 28 U.S.C. § 2255(h); 28 U.S.C. §

2244(b)(3)(A). Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second

or successive petition for habeas corpus relief or § 2255 motion is filed in the district court

without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the

document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." See Moreland v. Robinson, 813

F.3d 315, 325 (6th Cir. 2016) ("[T]he district court should have transferred those motions here

for processing as requests for permission to present claims in a second or successive habeas

petition."). Here, because this successive petition was filed in a previously filed case, the more

9

appropriate procedure seems to be to dismiss it. If Beasley wishes to pursue this issue, despite questions about his timing, he should seek permission from the Sixth Circuit in a separate action.

## CONCLUSION

For the foregoing reasons, Beasley's Motion to Reopen Original § 2255 and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct are both **DENIED**. If Beasley wishes to file a successive § 2255 Motion, he must first request approval from the United States Court of Appeals for the Sixth Circuit before proceeding.

**IT IS SO ORDERED**, this 28th day of January, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
